IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| KENT M. OZMAN a/k/a KENT OZMAN, | : |
| Defendant | : No. 17-3710 |
| | : |

ANSWER AND DEFENSES OF KENT M. OZMAN a/k/a
KENT OZMAN TO THE PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, KENT M. OZMAN a/k/a KENT OZMAN, by and through his attorney, Andrew J. Katsock, III, Esquire, who hereby files his answer to the Plaintiff's Complaint.

1. The contents of paragraph one (1) does not require specific responses from the Defendant.

2. After reasonable investigation, the Defendant is without sufficient knowledge or information as to the truth of the averments of paragraph 12 and therefore the same are denied and strict proof thereof is demanded at the time of Trial.

3. After reasonable investigation, the Defendant is without sufficient knowledge or information as to the truth of the averments of paragraph

three (3). As well, the allegations contained in paragraph three (3) of the Complaint are conclusions of law to which no response is required on the part of the Defendant. Therefore the same are denied and strict proof thereof is demanded at the time of Trial.

4. After reasonable investigation, the Defendant is without sufficient knowledge or information as to the truth of the averments of paragraph four (4). As well, the allegations contained in paragraph four (4) of the Complaint are conclusions of law to which no response is required on the part of the Defendant. Therefore the same are denied and strict proof thereof is demanded at the time of Trial.

5. After reasonable investigation, the Defendant is without sufficient knowledge or information as to the truth of the averments of paragraph five (5). As well, the allegations contained in paragraph five (5) of the Complaint are conclusions of law to which no response is required on the part of the Defendant. Therefore the same are denied and strict proof thereof is demanded at the time of Trial.

6. After reasonable investigation, the Defendant is without sufficient knowledge or information as to the truth of the averments of paragraph six (6). As well, the allegations contained in paragraph six (6) of the Complaint are conclusions of law to which no response is required on

the part of the Defendant. Therefore the same are denied and strict proof thereof is demanded at the time of Trial.

7. After reasonable investigation, the Defendant is without sufficient knowledge or information as to the truth of the averments of paragraph seven (7). As well, the allegations contained in paragraph seven (7) of the Complaint are conclusions of law to which no response is required on the part of the Defendant. Therefore the same are denied and strict proof thereof is demanded at the time of Trial.

8. After reasonable investigation, the Defendant is without sufficient knowledge or information as to the truth of the averments of paragraph eight (8). As well, the allegations contained in paragraph eight (8) of the Complaint are conclusions of law to which no response is required on the part of the Defendant. Therefore the same are denied and strict proof thereof is demanded at the time of Trial.

9. After reasonable investigation, the Defendant is without sufficient knowledge or information as to the truth of the averments of paragraph nine (9). As well, the allegations contained in paragraph nine (9) of the Complaint are conclusions of law to which no response is required on the part of the Defendant. Therefore the same are denied and strict proof thereof is demanded at the time of Trial.

10. Stated incorrectly as Number 4 (*sic*) in the Complaint. Paragraph 10 is denied. Default never occurred as Plaintiff failed to provide the Defendant with written notice of Breach as required by the agreements of the parties. Plaintiff failed to provide the Defendant with the written notice of acceleration as required by the agreements of the parties. Plaintiff's right to demand any payment or collect any payment from the Defendant is denied. As well, the allegation that the agreements of the parties are in default is a conclusion of law to which no response is required on the part of the Defendant. It is specifically denied that the sums set forth in paragraph 10 of the Complaint are accurate statements of the amount actually due under the agreements of the parties, as numerous years of monthly payments was made by the Defendant to the Plaintiff and/or its Predecessors/Assignors , as well as certain credits made on behalf of the Defendant have not been properly credited to the accounts, effecting the principal balance due, and all interest and late charges claimed due. The allegations are, therefore, denied and, if relevant, strict proof thereof is demanded at trial. Furthermore, for the reasons hereinafter set forth in Defendant's Affirmative Defenses, the agreements of the parties are void and, thus, unenforceable against the Defendant.

By way of further Answer in defense, the Defendant alleges the following:

## FIRST ADDITIONAL DEFENSE

11. Plaintiff has failed to state a claim upon which relief may be granted as its actions complained about herein void the agreements of the parties and make them a nullity.

## SECOND ADDITIONAL DEFENSE

12. All allegations of liability being expressly denied, the amounts claimed in the Complaint do not accurately reflect the amounts presently due and owing from the Defendant under the agreements of the parties and/or its Predecessors/Assignors, and does not reflect all credits due the Defendant. The Plaintiff and/or its Predecessors/Assignors have miscalculated the amounts due. The Plaintiff and/or its Predecessors/Assignors are attempting to collect more than the Defendant agreed to pay.

## THIRD ADDITIONAL DEFENSE

13. All allegations of liability being expressly denied, the attorney's fees and/or collection costs claimed in the Complaint are excessive under the agreements and under any or all applicable laws or regulations.

## FOURTH ADDITIONAL DEFENSE

14. Plaintiff's claims and/or those of its Predecessors/Assignors are barred by their failure to mitigate damages.

## FIFTH ADDITIONAL DEFENSE

15. The Plaintiff has failed to document the debts claimed it is due in the instant Complaint. The Plaintiff has not attached copies of the original loan agreements to the Complaint. As all of the claimed loan accounts were sold and/or assigned by other creditors, the Plaintiff has failed to provide proof, such as an assignment, authorizing the Plaintiff to initiate the instant action to sue in order to collect the alleged debts. The Plaintiff has not pled nor attached evidence of a valid assignments. If the accounts have been sold or assigned to the Plaintiff, then the Plaintiff must prove that it has the right to sue the Defendant to collect the alleged debts.

## SIXTH ADDITIONAL DEFENSE

16. The Defendant asserts that he is eligible for full or partial discharge of his loans due to school fraud. As a borrower with Federal Family Education Loan Program, the alleged loans are eligible for full or partial discharge under the defense to repayment

6

rules. The Defendant asserts that the schools violated state consumer protection laws and that the schools participated in a prohibited referral relationship with the original lenders of the loans.

## SEVENTH ADDITIONAL DEFENSE

17. The within action is barred by application of the doctrine of estoppel.

## EIGHTH ADDITIONAL DEFENSE

18. The within action is barred by application of the doctrine of justification.

## NINTH ADDITIONAL DEFENSE

19. The within action is barred by application of the doctrine of privilege.

## TENTH ADDITIONAL DEFENSE

20. By and because of the actions of the Plaintiff and/or its Predecessors/Assignors as aforementioned, the Plaintiff and/or its Predecessors/Assignors knowingly waived, relinquished and abandoned the claims asserted in the Complaint and its cause of action is barred by the defense and doctrine of waiver.

## ELEVENTH ADDITIONAL DEFENSE

21. By and because of the actions of the Plaintiff and/or its Predecessors/Assignors, the Plaintiff's cause of action is barred by the defense of laches.

## TWELVETH ADDITIONAL DEFENSE

22. By and because of the actions of the Plaintiff and/or its Predecessors/Assignors, its cause of action is barred by the doctrine of unclean hands.

## THIRTEENTH ADDITIONAL DEFENSE

23. Plaintiff and/or its Predecessors/Assignors intentionally have failed to act in good faith or to deal fairly with the Defendant as described in this Answer and New Matter.

## FOURTEENTH ADDITIONAL DEFENSE

24. This action is barred by accord and satisfaction.

## FIFTEENTH ADDITIONAL DEFENSE

25. The underlying agreements involved private student loans with private companies and are therefore subject to and time-barred by the Commonwealth of Pennsylvania's statute of limitations and/or by any other applicable statutes of limitation for legal actions to collect on written contracts.

## SIXTEENTH ADDITIONAL DEFENSE

26.     Defendant hereby gives notice that he intends to rely upon such other and further defenses as may become available to him or apparent during the discovery of this civil action, and reserves the right to amend his answer to assert any such defenses as they may be discovered in the future.

WHEREFORE, the Defendant, KENT M. OZMAN a/k/a KENT OZMAN, respectfully requests that the Plaintiff's Complaint be dismissed, that judgment be entered in favor of the Defendant, and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____
Andrew J. Katsock, III, Esquire
Attorney for Defendant, KENT M. OZMAN a/k/a KENT OZMAN
15 Sunrise Drive
Wilkes-Barre, PA 18705
(570) 829-5884
ajkesq@comcast.net

9

## CERTIFICATE OF SERVICE

I, Andrew J. Katsock, III, Esquire, certify that I served a true and correct copy of the within

**ANSWER AND DEFENSES OF KENT M. OZMAN a/k/a KENT OZMAN TO THE PLAINTIFF'S COMPLAINT**

on the following party, by electronic (ECF) filing on October 26, 2017, which service satisfies the requirements of the Federal Rules of Civil Procedure, to:

Rebecca A. Solarz, Esquire
Attorney for Plaintiff
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532

_____
Andrew J. Katsock, III, Esquire
Attorney for Defendant, KENT M. OZMAN a/k/a KENT OZMAN
15 Sunrise Drive
Wilkes-Barre, PA 18705
(570) 829-5884
ajkesq@comcast.net